IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRUCTUOSO ZAVALA-ALVAREZ, an individual, a/k/a ALBERTO ZAVALA, | ) ) ) Case No. 1:19-cv-4041 |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| DARBAR MANAGEMENT, INC., an Illinois corporation d/b/a DELHI DARBAR KABAB HOUSE, and IRFAN MOTEN an individual, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

The Plaintiff, Fructuoso Zavala-Alvarez ("Zavala"), by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Darbar Management, Inc., an Illinois corporation d/b/a Delhi Darbar Kabab House ("Delhi Darbar"), and Irfan Moten, ("Moten") (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff statutory minimum wages and overtime compensation for hours worked over forty (40) in a work week, while compensating the Plaintiff on an improper salary basis. Plaintiff is a former dishwasher, cook and cleaner at Defendants' Delhi Darbar restaurant.

**JURISDICTION AND VENUE**

1

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Zavala is a former employee of the Defendants' Delhi Darbar restaurant located at 3010 W. Devon Avenue in Chicago, Illinois. Plaintiff Zavala worked as a dishwasher, cook and cleaner at Defendants' restaurant for approximately twenty (20) years ending on May 24, 2019.

5. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, cleaning products, and tools which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant Darbar Management, Inc. does business as the Delhi Darbar Kabab House restaurant on Devon Avenue in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

8. Upon information and belief, Defendant Delhi Darbar has earned more than $500,000.00 in annual gross revenue during 2016, 2017, 2018 and 2019.

9. Defendant Delhi Darbar is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

10. Defendant Moten is an owner of the Delhi Darbar restaurant and is the president of the restaurant's operating entity, Defendant Darbar Management, Inc.

11. At all times relevant to this action, Defendant Moten possessed extensive oversight over the Delhi Darbar restaurant and its business operations. Defendant Moten was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

12. Upon information and belief, Defendant Moten resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

13. During the period from June, 2016 through May 24, 2019, Plaintiff regularly worked at Defendants' Delhi Darbar restaurant six (6) days a week including Monday, Wednesday, Thursday and Sunday from 4:00 p.m. to 3:00 a.m., and Friday and Saturday from 4:00 p.m. to 4:00 a.m. Plaintiff typically did not work on Tuesday.

14. Based on his schedule, Plaintiff regularly worked sixty-eight (68) hours in individual workweeks from June, 2016 through May 24, 2019.

15. Defendants paid Plaintiff a weekly salary in the following amounts: $450.00 during the period from June, 2016 through mid-March, 2019; $470.00 during the second half of March, 2019; and, $500.00 during April and May, 2019.

16. Defendants paid Plaintiff below the federal, state and municipal minimum wage rates.

17. Defendant did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

18. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

19. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

20. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

21. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

22. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

23. Throughout Plaintiff's employment, Defendant Delhi Darbar was an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

24. Defendant Delhi Darbar is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

25. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

26. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay

4

overtime compensation even though Plaintiff was scheduled to work and did work more than forty (40) hours in a workweek, and Defendants further avoided overtime wage obligations by placing Plaintiff on an illegal salary compensation plan paid in cash "under the table". On information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiffs and other non-exempt employees, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Fructuoso Zavala-Alvarez, prays for a judgment against Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House and Irfan Moten, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

- D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act – Minimum Wages

28. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

29. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

30. Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

31. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

32. Defendant Delhi Darbar is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

33. Pursuant to 29 U.S.C. § 206, Plaintiff was entitled to be compensated according to the applicable minimum wage rate.

34. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff minimum wages was willful and not in good faith. Defendants concealed their failure to pay minimum wages by paying Plaintiff with cash "under the table" and providing no wage statement records. On information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiffs and other non-exempt employees, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Fructuoso Zavala-Alvarez, prays for a judgment against Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House and Irfan Moten, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Illinois Minimum Wage Law – Overtime Wages

35. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

36. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

37. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

38. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

39. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

40. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Fructuoso Zavala-Alvarez, prays for a judgment against Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House and Irfan Moten, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

41. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

42. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

43. Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

44. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

45. Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Fructuoso Zavala-Alvarez, prays for a judgment against Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House and Irfan Moten, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

46. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

47. Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

48. Defendants were each an "employer" as defined in the CMWO § 1-24-10.

49. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

50. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Fructuoso Zavala-Alvarez, prays for a judgment against Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House and Irfan Moten, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT VI
### Violation of the Chicago Minimum Wage Ordinance – Minimum Wages

51. Plaintiff hereby incorporates paragraphs 1 through 19 as though stated herein.

52. Plaintiff was an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and was not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

53. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

54. Under § 1-24-020(a), Plaintiff was entitled to be compensated according to the minimum wage requirements of CMWO.

55. Defendants' failure and refusal to pay wages at the minimum wage rates was a violation of the minimum wage provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Fructuoso Zavala-Alvarez, prays for a judgment against Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House and Irfan Moten, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.


Dated: June 17, 2019

Respectfully submitted,
Fructuoso Zavala-Alvarez,
Plaintiff


/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com