**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FRUCTUOSO ZAVALA-ALVAREZ, ) <br> an individual, a/k/a ALBERTO ZAVALA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DARBAR MANAGEMENT, INC., an Illinois ) <br> corporation d/b/a DELHI DARBAR KABAB ) <br> HOUSE, and IRFAN MOTEN an individual, ) <br> ) <br> Defendants. ) | Case No. 1:19-cv-4041 <br><br> Honorable Steven C. Seeger <br><br><br> Magistrate Judge Gabriel A. Fuentes |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**

The Plaintiff, Fructuoso Zavala-Alvarez, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, hereby moves this Court pursuant to Rules 37(a)(1) and 37(a)(3)(B)(iii)-(iv) of the Fed. Rule Civil Proc. to enter an Order requiring the Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House and Irfan Moten, to fully respond to Plaintiff's First Requests for Production of Documents and First Set of Interrogatories.

**INTRODUCTION**

1. On June 17, 2019, Plaintiff filed his Collective Action Complaint for unpaid minimum and overtime wages under the FLSA, IMWL and the CMWO. (CM/ECF Doc. No. 1.) Plaintiff filed his Amended Complaint on November 18, 2019. (CM/ECF Doc. No. 23.) In his Amended Complaint, Plaintiff alleges that he was paid on an improper salary basis that resulted in compensation below the statutory minimum wages. Plaintiff also alleges that he regularly worked well in excess of forty hours per week but never received an overtime premium.

2. Plaintiff's Amended Complaint describes Defendants' scheme to avoid and conceal their failure to pay minimum wages and overtime compensation. (See, Amended

1

Complaint, CM/ECF System, Doc. 23, at para. 14-20, 28 and 35.) First, Defendants directed Plaintiff to work more than 40 hours in a week, usually sixty-eight (68) hours per week. Defendants then paid Plaintiff a flat weekly wage without regard to the actual number of hours worked. Finally, Defendants paid the flat weekly wage with unreported cash and without providing any wage statement.

3. In their Answer, the Defendants deny each and every operative allegation including Plaintiff's allegations regarding his work schedule and hours of work performed, wages paid, and Defendants' failure to pay minimum wages and overtime compensation. Defendants also deny the operative allegations relating to FLSA "employer" coverage including Plaintiff's allegations that Defendant Darbar Management, Inc. earned more than $500,000.00 in annual gross revenue during 2016-2019. (See, Defendants' Answer to Amended Complaint, CM/ECF Doc. No. 30 at para. 8, 14-19, 21-31 and 39.)

**PLAINTIFF'S REQUESTS FOR PRODUCTION AND INTERROGATORIES**

4. On September 5, 2019, Plaintiff issued a comprehensive set of written discovery to the Defendants, including Plaintiff's First Requests for Production of Documents to Defendants and Plaintiff's First Set of Interrogatories to Defendants. (Plaintiff's written discovery is attached hereto as Exhibit A.)

5. Plaintiff's written discovery seeks garden-variety employment and payroll records, and also asked the Defendants to provide the Plaintiff's weekly work schedules, rates of pay, total wages paid per pay period, and the amount of overtime premiums paid, as well as basic contact and employment information for co-worker witnesses.

6. With respect to Plaintiff's Requests for Production of Documents, the Defendants produced only a partial set of records including: a one-page summary of Plaintiff's weekly work

schedules for 2017 and 2018; time cards prepared by an unnamed individual which purportedly reflect Plaintiff's hours of work for approximately one-third of the weekly pay periods at issue; Defendant Darbar Management, Inc.'s federal tax returns for 2016, 2017 and 2018; and, Illinois Dept. of Revenue Sales and Use Tax forms. (Defendants' responses to Plaintiff's written discovery are attached hereto as Exhibit B.)

    7.    The Defendants failed to produce the following basic wage and hour records:

- Records required to be kept by the employer under 29 C.F.R. § 516.2 including records of hourly pay rates, hours of work performed, straight-time earnings exclusive of overtime compensation, premium pay for overtime hours and dates of wage payments. (Plaintiff's Document Request No. 1)

- Time cards and time sheets for two-thirds of the weekly pay periods at issue. (Plaintiff's Document Request No. 2)

- Payroll journals and other documents showing hours worked, gross pay, deductions and net pay. (Plaintiff's Document Request No. 3)

- Records of cash wages paid for two-thirds of the weekly pay periods at issue. (Plaintiff's Document Request Nos. 4)

- Defendants' financial books and records including account ledgers. (Plaintiff's Document Request No. 6)

- Defendants' federal 941's and state Employer Contribution and Wage Reports. (Plaintiff's Document Request No. 7)

- Defendants' corporate records books. (Plaintiff's Document Request No. 9)

- Notices posted in Defendants' workplace as required by the FLSA, IMWL and CMWO. (Plaintiff's Document Request No. 10)

- Records relating to Defendants' revenue. (Plaintiff's Document Request Nos. 14 and 15)[1]

---

[1] Records relating to Defendants' revenue are particularly germane to this case because the Defendants' denied Plaintiff's allegations regarding annual revenue and enterprise coverage under the FLSA. Defendants' denial of enterprise coverage is suspect because Defendants rely on the amount of gross sales stated in their federal tax returns. However, Defendants' federal tax returns are bogus because they report absurdly low employee salaries and wages. Therefore, it is crucial that Defendants produce all primary source records of their revenue and wage payments.

8. The records Plaintiff seeks are standard records required to be kept and maintained by entities conducting business. They are relevant to Plaintiff's wage claims and the defenses asserted, and Defendants should produce all of the outstanding documents immediately. Furthermore, if the Defendants do not possess any of the outstanding documents and records, Plaintiff is entitled to Defendants' clear written statement to that effect as it will fundamentally alter the complexion of this case and the proofs imposed on the Plaintiff. See, Arteaga v. Lynch, No. 10 C 1444, 2013 WL 5408580, at *7-8 (N.D. Ill. Sept. 26, 2013).

9. With respect to Plaintiff's First Set of Interrogatories to Defendants, several of Defendants' answers remain incomplete, evasive and deficient.

10. For example, Interrogatory No. 1 seeks basic contact and employment information for Defendants' kitchen staff employees. In his Rule 26(a)(1) Initial Disclosures, Plaintiff identified this class of individuals as having personal knowledge of facts relevant to this case including knowledge about employee work schedules and hours of work performed, wage payments, and Defendants' method of wage payments, all of which go to the heart of this wage and hour case. Nevertheless, Defendants refuse to identify any of their kitchen staff employees or provide any of the contact and employment information requested.

11. Plaintiff's Interrogatory No. 4 simply asks Defendants to identify Plaintiff's term of employment. Defendants' answer is evasive and fails to provide the dates on which Plaintiff's employment began and ended. Plaintiff's request is simple and straightforward and as the employer, Defendants should have this basic employment information at their fingertips.

12. Interrogatory No. 5 seeks information concerning the total number of hours worked by Plaintiff Zavala during each workweek during the relevant period which is defined as the three-year period preceding the filing of Plaintiff's suit. Defendants answered by referring

Plaintiff to the time cards and work schedule summary they produced. However, these records are grossly incomplete. Indeed, the time cards produced by the Defendants address only 54 out of the 155 weekly pay periods that are at issue in this suit. Defendant's answer to Interrogatory No. 5 is therefore largely incomplete.

13.     Likewise, Defendants' answer to Interrogatory No. 6 which asks the Defendants to identify the gross wages paid to Plaintiff during each pay period during the relevant period refers to the same set of incomplete time cards. The amount of wages paid by a Defendant employer to a Plaintiff employee is fundamental to any wage and hour lawsuit. Defendants should be ordered to provide a clear statement as to the amount of wages they paid the Plaintiff during each weekly pay period for the entire three-year period that is at issue.

**COMPLIANCE WITH LOCAL RULE 37.2**

14.     Pursuant to Local Rule 37.2, counsel for Plaintiff attempted on several occasions to resolve this discovery dispute. On November 13, 2019, counsel for Plaintiff tendered a detailed correspondence outlining the deficiencies with Defendants' discovery responses and inviting a meet and confer to address the matters raised in counsel's letter. (A true and correct copy of Plaintiff counsel's November 13, 2019 letter, and subsequent letters is attached hereto as Exhibit C.)

15.     Thereafter, on November 22, 2019, counsel for Plaintiff and counsel for Defendant conferred via telephone in an effort to resolve all outstanding discovery disputes. Subsequent to this meeting, on November 27, 2019, counsel for Plaintiff tendered a letter summarizing the parties' Local Rule 37.2 conference which identified the interrogatory answers and document production responses which would be supplemented and clarified by the Defendants.

16. Finally, on December 11, 2019, December 23, 2019 and January 3, 2020, counsel for Plaintiff sent follow-up letters to counsel for Defendants seeking Defendants' compliance with the parties' Local Rule 37.2 conference and Defendants' discovery obligations. To date, Defendants supplemented their discovery responses only by producing Defendant Darbar Management, Inc.'s Illinois Sales and Tax Use Forms. All other documents identified in paragraph 7 above remain outstanding and no interrogatory answers have been supplemented.

**WHEREFORE**, the Plaintiff, Fructuoso Zavala-Alvarez, respectfully requests that this Court order Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House and Irfan Moten, to provide complete responses to Plaintiff's First Request for Production of Documents and First Set of Interrogatories to Defendants and to furnish all requested documents and supplemental answers to interrogatories, within seven (7) days.

Dated: January 10, 2020

Respectfully submitted,

Fructuoso Zavala-Alvarez,
Plaintiff

/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 West Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tele (312) 322-1100
tnolan@nolanwagelaw.com