# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FRUCTUOSO ZAVALA-ALVAREZ,
an individual, a/k/a ALBERTO ZAVALA,

     Plaintiff,

     v.

DARBAR MANAGEMENT, INC., an Illinois
corporation d/b/a DELHI DARBAR KABAB
HOUSE, IRFAN MOTEN an individual, M.
SALIM MOTEN, an individual, IMRAN
MOTEN, an individual, SKAANZ
ENTERPRISE, INC., an Illinois corporation,
and ASIF RANGOONWALA, an individual,

     Defendants.

Case No. 1:19-cv-04041

Honorable Steven C. Seeger

Magistrate Judge Gabriel A. Fuentes

## DEFENDANTS' MOTION TO QUASH OR STAY ALL COLLECTION PROCEEDINGS UNTIL THERE IS A FINAL JUDGMENT

**NOW COME,** the Defendant Asif Rangoonwala, andd Skaanz Enterprise, by and through through their attorney, Robert Habib and move this court to quash or stay all collection proceedings initiated by the plaintiff, pursuant to Illinois law, as it is clear, based upon plaintiff's submissions to the Seventh Circuit Court of Appeals, that there is no final judgment, enforceable and appealable, as under Illinois law a final judgment must be appealable and enforceable, and in support thereof states as follows:

1.     Plaintiff in its Third Amended Complaint, alleged eight counts. Counts VII and VIII alleging fraudulent transfer was directed against defendants Rangoonwala and Skaanz Enterprise. Rather than proceed on Counts VII and VIII, plaintiff voluntarily dismissed these counts without prejudice, which would allow him to refile these counts at a later date, if he so desired.

1

2.    On October 25, 2020 to the Court entered judgment against the Defendants on six counts.

3.    On November 4, 2022, Defendants Asif Ragoonwala and Skaanz Enterprise filed the Notice of Appeal from the October 25, 2022 judgment.

4.    Thereafter the Seventh Circuit Court of Appeals on November 8, 2022, stayed the appeal on the grounds that the October 25, 2022 order, may not be appealable as a final judgment within the meaning of 28 U.S.C Section 1291, because counts VII and VIII were dismissed without prejudice, meant they could be revived at a later date, and the case started anew.

5.    On December 1, 2022, the Court of Appeals entered another order which provided is pertinent part

> "On consideration of the jurisdictional memoranda, filed by the parties, addressing appellee jurisdiction, the appellee shall file, on or before December 9, 2022, a status report regarding the disposition of its motion for entry of the Rule 54(b) partial judgment. Appellee is reminded that he made and unequivocally dismiss with prejudice, the two cases that the district courts dismissed without prejudice, and thereby eliminate the jurisdictional defect. See Practitioner's Handbook (2020 ed.) at page 42. If appellee chooses not to do so, appellee also must explain why not. Briefing shall continue to be SUSPENDED pending further court order."

6.    That in response on December 9, 2022, the plaintiff stated he would decline to dismiss, with prejudice, Counts VII and VIII of the Third Amended Complaint as if the Court of Appeals was to rule in the appellant Rangoonwala and Skaanz' favor, that they were not liable on the grounds of successor liability, plaintiff would then refile asserting his claim under Fraudulent Transfer.

2

7.    At this point, given the Seventh Circuit Court's concerns, and plaintiff's unequivocal response that he would refile his claims under fraudulent transfer, if need be, we do not know if the Seventh Circuit Court of Appeals will dismiss the appeal and rule that as there is no final judgment, pursuant to title 28 U.S.C Section 1291, it does not have jurisdiction to hear the appeal.

8.    Nevertheless, plaintiff has initiated collection proceedings against Skaanz Enterprises, forcing the restaurant to close down and lay off all off its employees and against Asif Rangoonwala seizing his bank accounts.

9.    However, under Illinois law which plaintiff is using to collect on its alleged judgment, plaintiff cannot have it both ways. Under Illinois Law a judgment which adjudicated fewer there all the claims or rights of the parties is not enforceable or appealable.  Bank of N.Y. Mellon v. Wajcllki 2019 Ill App. (1st) 180845.

10.    At this point we do not know have to the Seventh Circuit Court will rule as to whether the Appeal can proceed. However if it rules that it will not hear the Appeal as there is no final judgment disposing of all the claims plaintiff has asserted, then there is no enforceable judgment allowing plaintiff to seize defendant' assets.

11.    However, presently defendants are now in the worst possible situation.. Their assets are being attached and seized, yet they have no recourse as to appeal.

12. This is clearly a violation of Due Process.

13.    Therefore, the Court should stay all collection proceedings until the Court of Appeals rules that a final judgment was or was not entered.

14.    Furthermore until Court of Appeals does so, we do not have a final and enforceable judgment, and defendants are having their properties seized unlawfully.

3

**WHEREFORE,** the defendants pray that the Court enter an Order staying all collection proceedings,  pending ruling by the Court of Appeals.

**/s/ Robert Habib**
**ROBERT HABIB**

**ROBERT HABIB**
**ATTORNEY NO. 3128545**
**77 W WASHINGTON STREET**
**SUITE 1507**
**CHICAGO, IL 60602**
**312-201-1421**
**ROBHABIB77@GMAIL.COM**
**ATTORNEY FOR RAGOOWALA**